IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KAREN PAUL,

        *Plaintiff*,

v.                                        Civil Action No. _____

GOODWILL INDUSTRIES OF
HOUSTON,

        *Defendant*.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Karen Paul ("Mrs. Paul" or "Plaintiff") files this Original Complaint against her employer, Goodwill Industries of Houston ("Goodwill" or "Defendant") and for her cause of action, respectfully shows the following:

## NATURE OF THE SUIT

1. Almost immediately after her hire, and for months thereafter, Mrs. Paul was subjected to severe and pervasive harassment by her immediate supervisor, Tuoro Barnes. Mrs. Paul's employer, Goodwill, knew Mr. Barnes had sexually harassed other employee's before, but instead of preventing and correcting Mr. Barnes's behavior, Goodwill transferred him to another location, where he was allowed to sexually harass Mrs. Paul and other employees. After Mrs. Paul complained about Mr. Barnes, Goodwill failed to conduct a proper investigation and failed to take prompt, appropriate remedial action to prevent further harassment. As a result, Plaintiff has suffered emotional distress. Goodwill's actions in allowing and failing to prevent the severe and pervasive sexual harassment of Mrs. Paul violates of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As a result of Goodwill's unlawful actions, Mrs.

Paul seeks back pay and front pay, compensatory and punitive damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

2. Goodwill is also liable for failure to pay Mrs. Paul minimum wage as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Goodwill purported to pay Mrs. Paul the federally-mandated minimum wage. However, Goodwill had a timekeeping policy and practice of automatically deducting thirty (30) minutes per day for lunch from Mrs. Paul's timecards, even when she did not take a lunch break. Goodwill knowingly suffered or permitted Mrs. Paul to work through lunch breaks without pay, making her pay fall below minimum wage. As a result of Goodwill's willful violation of the FLSA, Mrs. Paul seeks compensation for unpaid minimum wages owed, liquidated damages and penalties where provided by law, and interest thereon.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331 because this lawsuit arises under the laws of the United States, particularly Title VII, 42 § 2000e, *et seq.* and the FLSA, 29 U.S.C. § 201 *et seq.*,

4. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims took place in the Southern District of Texas, Houston Division. Specifically, Plaintiff worked for Defendant and was sexually harassed and denied minimum wages by Defendant in the Southern District of Texas, including in Fort Bend and Harris County and other counties adjacent to Harris County, Texas.

5. This Court has personal jurisdiction over Goodwill because it is a Texas corporation, with its principal place of business in Texas, and Goodwill conducts business in the state of Texas.

## THE PARTIES

6. Plaintiff Karen Paul is a resident of Houston, Texas.

7. Defendant Goodwill is a Texas corporation. Goodwill may be served with process through its registered agent, Steven P. Lufburrow, 1140 West Loop North, Houston, Texas, 77055. At all relevant times, Defendant had gross revenues in excess of $500,000 per annum. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for interstate commerce and/or its employees engaged in activities that are closely related and directly essential to the production of goods for interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendant was Plaintiff's employer and is legally responsible for the unlawful conduct, policies, practices, acts and omissions as described in this Complaint.

## PROCEDURAL REQUISITES

8. On November 3, 2011 Mrs. Paul filed a charge of sex discrimination and retaliation against Goodwill with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division (EEOC Charge No. 460-2012-00104).

9. On July 30, 2013, the EEOC issued a Notice of Right to Sue.

10. Plaintiff files this lawsuit has been filed within (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue letter.

11. All conditions precedent to filing this cause of action have been met.

**FACTUAL ALLEGATIONS**

12. In December 2010, Goodwill hired Mrs. Paul to work Production at Goodwill's Lake Shore Harbour location in Missouri City, Texas. However, because the Lake Shore Harbour store had not yet opened, Mrs. Paul trained at the West Dairy Ashford location.

13. Almost immediately Mrs. Paul's supervisor, Tuoro Barnes, who had been transferred from another store, began subjecting her to severe and pervasive sexual harassment.

14. For example, during Mrs. Paul's new hire training (at the West Dairy Ashford store), Mr. Barnes repeatedly made sexually suggestive comments, telling her she looked good and that they should get together and no one would find out, and they could keep it from her husband. While making such remarks, Mr. Barnes would make various gestures, which included raising his eyebrows, licking his lips, and making kissing-type sounds with his mouth. On other occasions, he would stand extremely close to Mrs. Paul and touch her hair, commenting that her hair turned him on. He also would ask her to get in his car and leave the store with him.

15. Mr. Barnes continued the severe and pervasive harassment at the Lake Shore Harbour location. For example, Mr. Barnes would make comments such as, "We are so close we can kiss"; "I want to get with you"; "I got to have you"; and "Your hair turns me on." He also would ask Mrs. Paul to come to his vehicle, telling her that it would not take long and that no one would find out.

16. While making these remarks, he made gestures such as licking or puckering his lips. He would sometimes stand in front of her with his legs spread-eagle, so close that his stomach touched her. He would wrap his arm around her waist, and he would massage her shoulders.

17. At all times, Mrs. Paul made clear that his remarks, suggestions, and gestures were unwelcomed. Indeed, she repeatedly told him that she was married and does not mess around on her husband.

18. Mrs. Paul feared she would lose her job if she complained to anyone else because Mr. Barnes told her and the other employees at a staff meeting that if they complained about him, they would be fired. Nevertheless, Mrs. Paul eventually got the courage to complain to Goodwill management about Mr. Barnes' harassment. After several complaints, Mrs. Paul eventually she was allowed to transfer to another store.

19. Despite Mrs. Paul's complaints, Goodwill did not conduct an investigation into her allegations. Indeed, Goodwill never even interviewed Mrs. Paul. Goodwill therefore did not properly remedy Mr. Barnes's unlawful behavior after Mrs. Paul complained. Although Goodwill told the EEOC that it did conduct an investigation and found no wrongdoing, Goodwill also claimed that the whole file cabinet that contained the investigation file was lost when the corporate office moved.

20. Moreover, Goodwill did nothing to prevent or correct Mr. Barnes's unlawful behavior before Mrs. Paul complained. Upon information and belief, Mr. Barnes was accused by a number of employees of sexual harassment and rather than discipline or terminate him, Mr. Barnes was simply transferred to another location. At that location, he began his harassment of yet another employee, Mrs. Paul.

21. As a result of Mr. Barnes's actions and Goodwill's inaction, Mrs. Paul has suffered extreme emotional distress and has had to begin taking prescription anti-anxiety medication and medication for high blood pressure. Further, Mrs. Paul's marriage and her general well-being and health have been adversely affected.

## CAUSE OF ACTION:
## SEXUAL HARASSMENT UNDER TITLE VII

22. Plaintiff alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

23. Plaintiff is a woman, and thus belongs to a class protected by Title VII.

24. As described above, Defendant, through its supervisor Tuoro Barnes, subjected Plaintiff to severe and pervasive sexual harassment, including sexual comments, suggestions, and gestures. Plaintiff told Mr. Barnes his actions were unwelcomed. Plaintiff reported Mr. Barnes' conduct to Defendant's management on a number of occasions. Defendant failed to investigate and failed to take reasonable steps to prevent and promptly correct the sexual harassment, both before and after Mrs. Paul's complaints, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

25. Defendant acted with malice or with reckless indifference to Plaintiff's Title VII rights and failed to make good-faith efforts to comply with the law. Tuoro Barnes acted within the scope of his employment and in the face of a perceived risk of violating federal law, and Defendant should be held strictly liable for his actions.

26. As a result of Defendant's actions and inactions, Plaintiff has suffered monetary and emotional damages and therefore seeks back pay, front pay, compensatory and punitive damages, attorney's fees, and costs.

## CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT – MINIMUM WAGE VIOLATION

27. Plaintiff alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully alleged herein.

28. The FLSA requires employers to pay nonexempt employees a federally-mandated minimum wage.

29. Although Defendant was required by law to pay Plaintiff a minimum wage, Defendant failed to do so by suffering or permitting Mrs. Paul to work through lunch without minimum wage compensation. As a result, her final pay repeatedly fell below the minimum wage requirements of the FLSA.

30. Defendant's actions were willful and intentional, and therefore, a three-year statute of limitations applies to such violations, pursuant to the FLSA, 29 U.S.C. § 255.

31. As a result of Defendant's violation of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA.

32. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

33. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of and is entitled to unpaid minimum wage compensation in an amount to be determined at trial, and recovery of liquidated damages, attorneys' fees, cost, and other compensation pursuant to the FLSA's minimum wage provisions.

## ATTORNEY'S FEES

34. Plaintiff alleges and incorporates by reference the prior allegations of this Complaint as if fully alleged herein.

35. As a result of Defendant's discriminatory conduct, Plaintiff has engaged the undersigned law firm and agreed to pay it reasonable attorney's fees and expenses incurred in prosecuting this lawsuit.

36. All conditions precedent have been performed or have occurred for Plaintiffs to recover attorney's fees under 42 U.S.C. § 1988 and under the FLSA.

## DEMAND FOR TRIAL BY JURY

37. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding her:

   a. Actual damages, including back pay and front pay, as allowed by law;

   b. Compensatory damages, liquidated, and punitive damages as allowed by law;

   c. Pre-judgment and post-judgment interest as allowed by law;

   d. Attorney's fees and costs of court; and

   e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Liquita Lewis Thompson

Liquita Lewis Thompson
Texas Bar No. 24005831
S.D. Bar No. 27634
Lewis Thompson Law, PC
19747 Hwy 59 North, Suite 460
Humble, Texas 77338
Telephone: (832) 644-5299
Facsimile:  (832) 644-5524

ATTORNEY-IN-CHARGE
FOR PLAINTIFF